FRANCISKA RAU, EXRX. v. L. RISIDEN.

MERE REQUEST TO DISCHARGE JURY AND CONTINUE CASE NOT SUFFICIENT.

Under Secs. 5195, 5196 Rev. Stat., the power to discharge a jury during trial or after the cause is submitted and before verdict is not discretionary in the trial court but must be based upon a finding of necessity or consent of the parties, a bare request by the plaintiff in a personal injury case to discharge the jury and continue the case is in-sufficient.

ERROR to Hamilton common pleas court.

**Cormany & Cormany** and **J. J. Gasser,** for plaintiff in error.

Hamilton County.

**Stanley Matthews** and **Burch, Peters & Matthews,** for defendant in error.

### GIFFEN, J.

It is apparent from Secs. 5195, 5196 Rev. Stat., that the power to discharge a jury during the trial or after the cause is submitted and before verdict is not discretionary in the court, but must be based upon a finding of some necessity for such action or upon the consent of both parties. In the case of *Dobbins* v. *State*, 14 Ohio St. 493, the third proposition of the syllabus is as follows:

"To justify holding the accused to a further trial, after such discharge, the record must show, that an obstacle which the law will recognize as a necessity, did in fact exist, that it engaged the attention of the court, and that the order was based thereon, and was the result of consideration and decision; but it need not show all the facts and circumstances which influenced the decision, unless made part thereof by bill of exceptions."

Although that was a criminal case the same rule would seem to apply here in a civil action. In the case of the *State* v. *Behimer,* 20 Ohio St. 572, in discussing the constitutional provision that no person shall "be twice put in jeopardy for the same offense," it is said on page 576:

"The constitutional provision extends the common law maxim, which was limited to felonies, to all grades of offenses; and it is but the application, to the administration of criminal justice, of a more general maxim of jurisprudence, that no one shall be twice vexed for one and the same cause. On this maxim rests the whole doctrine of *res judicata.* The object of incorporating it into the fundamental law, was to render it, as respects criminal causes, inviolable by any department of the government."

The record in this case discloses no reason for the action of the court, nor that anything engaged the attention of the court other than a bare request by the plaintiff that the jury be discharged and the case continued. If the unauthorized discharge of the jury in a criminal case legally ends the prosecution, there seems good reason to hold that such discharge in a civil action works, under the maxim above referred to, a like termination. We are of opinion, therefore, that the court had no jurisdiction to further try the case and the motion to dismiss the action should have been sustained.

Judgment reversed and cause remanded to be dismissed for want of jurisdiction.

**Swing** and **Smith, JJ.,** concur.